UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSEPH & PENELOPE DUCZKOWSKI

|  |  |  |
|---|---|---|
| | : | Civil No. 08CV2897 |
| Plaintiff | : | Judge NOEL L. HILLMAN |
| v. | : | |
| | : | Arbitration: Yes_X_ No __ |
| HYUNDAI AMERICA SHIPPING, et al. | : | |
| Defendant | : | Jury: Yes _X_ No __ |
| | : | |
| | : | ORDER FOR SCHEDULING |
| ---------------------------------------------------------------- | | CONFERENCE |

TO:  All Counsel

IT IS on this 16th  Day of JUNE, 2008  ORDERED THAT:

(1)  A Scheduling Conference shall be conducted before the undersigned

on JULY 23, 2008 at 2:30 pm in room 2060 of the Mitchell H. Cohen Federal Building

 & U.S. Courthouse, Camden, New Jersey.  See Fed. R. Civ. P. 16 and Local Civil Rule 16.1.

The purpose of the conference is to focus counsel's attention on the issues actually in dispute and

arrive at a schedule to manage discovery.  The Court strives in all cases for a just, speedy and

inexpensive determination of every action.  Fed. R. Civ. P. 1.  COUNSEL MUST BE

PREPARED TO COMPLETE ALL DISCOVERY AND BE READY FOR TRIAL WITHIN SIX

(6) TO EIGHT (8) MONTHS OF THE SCHEDULING CONFERENCE IN MOST CASES.  The

Scheduling Order will reflect these goals.

(2)  Counsel are advised that the early disclosure requirements of Fed. R. Civ. P. 26 (a)(1)

will be strictly enforced.  Therefore, counsel shall immediately exchange the following

information that may be used by a party to support a claim or defense: contested facts,

identities of individuals likely to have knowledge of discoverable facts,

documents and things in the possession of counsel or the party, including
All records of treatment by health care professionals, if a
personal injury is claimed,

insurance agreements in force, and

statement of the basis for any damages claimed.

COUNSEL SHOULD NOT FILE ANY OF THE AFOREMENTIONED WITH THE COURT.

(3)  At least twenty-one (21) days prior to the conference scheduled herein, counsel shall confer pursuant to Fed. R. Civ. P. 26 (f), and shall submit a discovery plan to the undersigned not later than 24 hours prior to the conference with the Court.  The discovery plan shall include a brief summary of the facts of the case, the status of settlement negotiations and shall address the parties' views and proposals concerning discovery as set forth in Local Civil Rule 26.1 (b)(2). Prior to the Rule 26 (f) conference, counsel shall also comply with Local Civil Rule 26.1 (d) concerning discovery of digital information.

(4)  Counsel are further advised that unless the parties stipulate otherwise, and the Court concurs, the Rules limit the number of interrogatories (25) and depositions (10) which each party may seek.  See Rules 26 (b), (d).  Fed. R. Civ. P. 30 (d) (2) limits depositions to one day of seven hours.  The Court may also regulate the conduct of depositions.  See Hall v. Clifton Precision, 150 F.R.D. 525 (E.D. PA. 1993); Fed. R. Civ. P. 30(d) (1).

(5)  At the conference with the Court, all parties who are not appearing pro se shall be represented by counsel who shall be familiar with the file and shall have full authority to bind their clients in all pre-trial matters.  Counsel shall also be prepared to discuss settlement. Clients or persons with authority over the matter shall be available by telephone.  See Local Civil Rule 16.1 (a) (4);

(6)  Counsel shall consult with their clients before the conference and be prepared to advise the Magistrate Judge whether the parties consent to trial before the Magistrate Judge. Local Civil Rule 73.1 (a).

(7)  Counsel shall discuss with clients the Court's mediation program.  L.Civ.R. 301.1 (see attached notice).  The Court will discuss mediation and other options at the Initial Scheduling Conference.

(8)  Counsel for plaintiff(s) shall notify any party who hereafter enters an appearance, of the above conference and forward to that party a copy hereof, together with a copy of any Scheduling Order entered as a result of this conference.

(9)  The parties shall advise the Judge and Magistrate Judge immediately if this matter has been settled or terminated so that the above conference may be cancelled;  and

(10)  Failure to comply with the terms hereof may result in the imposition of sanctions.

(11)  Counsel are further advised that communications to the Court by FAX will be accepted.  All communications to the Court shall be in writing or by telephone conference with prior approval.

s/JOEL SCHNEIDER<br>United States Magistrate Judge

Orig. Clerk
cc: Magistrate Judge
    All Counsel

ALTERNATIVE DISPUTE RESOLUTION
IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY


Mediation is the Alternative Dispute Resolution ("ADR") program in this Court. Mediation is governed by Local Civil Rule 301.1. The mediation program under this rule is supervised by a judicial officer (at present United States Magistrate Judge Madeline Cox-Arleo) who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation.  This may be done without the consent of the parties.  However, the Court encourages parties to confer among themselves and consent to mediation.  Moreover, you are reminded that, when counsel confer pursuant to Rule 26 (f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that must be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time.  However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial.  Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26 (a) (1) of the Federal Rules of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator.  If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental.  The role of the mediator is to assist the parties in reaching a resolution of their dispute.  The parties may confer with the mediator on an ex parte basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent.  The first three hours of a mediator's time is free.  The mediator's hourly rate thereafter is $300.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, which are available on the Court's Web Site, PACER (pacer.njd.uscourts.gov) and appear as Appendix Q to the Local Civil Rules.  You may also make inquiries of the judicial officer responsible for supervision of the program.

Civil actions in which there are pro se parties (incarcerated or not) are not eligible for mediation.

DNJ-Med-001 (05-08)